IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KELBY EDMONDSON, individually, and on behalf of a Class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUGAR LEAF TREATS, LLC, a Missouri limited liability company, TODD ANTHONY JANSEN, individually and d/b/a "Sugar Leaf Treats" and "Sugar Leaf Treats 2", and LORI ANN JANSEN, individually and d/b/a "Sugar Leaf Treats" and "Sugar Leaf Treats 2",<br><br>Defendants. | Case No.<br><br>COLLECTIVE & CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Kelby Edmondson, individually and on behalf of others similarly situated ("Plaintiff"), by and through their undersigned counsel, for their complaint against Defendants Sugar Leaf Treats, LLC, Todd Anthony Jansen, individually and d/b/a "Sugar Leaf Treats" and "Sugar Leaf Treats 2", and Lori Ann Jansen individually and d/b/a "Sugar Leaf Treats" and "Sugar Leaf Treats 2" (from now on all defendants being collectively referred to as simply "Sugar Leaf"), hereby state as follows:

1. Plaintiff worked as an employee of a retail bakery store owned and operated by Sugar Leaf.

2. Sugar Leaf paid Plaintiff, and those similarly situated to him, on an hourly basis that did not properly compensate them for all hours worked in an effort to deliberately deny them their earned wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL"). Specifically, Sugar Leaf did not pay premium pay beyond the employees' regular rate of pay for those hours worked beyond 40 in a given workweek.

3. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages and overtime compensation owed to Plaintiff and other similarly situated workers employed by Sugar Leaf.

4. This lawsuit is also brought as a Rule 23 class action under the MMWL to recover the wages and overtime compensation owed to Plaintiff and other similarly situated workers employed by Sugar Leaf in the State of Missouri.

**JURISDICTION AND VENUE**

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Jurisdiction over Plaintiff's MMWL claims is based upon 28 U.S.C. § 1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Sugar Leaf is deemed a resident of the Western District of Missouri as it is subject to personal jurisdiction in this District. Venue in this division of the Western District of Missouri is proper because Sugar Leaf maintains an office in the Southern Division of this Court and a substantial part of the events giving rise to this claim occurred in the Southern Division of this Court.

## PARTIES

7. Sugar Leaf Treats, LLC is a Missouri limited liability company with its principal place of business in Branson, Missouri. During the relevant time period, Sugar Leaf Treats, LLC has done business in the State of Missouri. When Sugar Leaf Treats LLC was organized under Missouri law on December 21, 2016, it thereafter became the successor and assignee of the businesses previously conducted by defendants Todd Anthony Jansen and Lori Ann Jansen under the trade names "Sugar Leaf Treats" and "Sugar Leaf Treats 2." Those businesses ceased to operate separate and apart from Sugar Leaf Treats LLC after December 21, 2016.

8. Todd Anthony Jansen is a citizen of Missouri. During the time relevant herein, Mr. Jansen did business under the trade names "Sugar Leaf Treats" and "Sugar Leaf Treats 2." When Sugar Leaf Treats, LLC was organized on December 21, 2016, upon information and belief Mr. Jansen became a member of that limited liability company and continued the work he formerly performed under the trade names "Sugar Leaf Treats" and/or "Sugar Leaf Treats 2." At all times relevant following December 21, 2016, Mr. Jansen actively worked in the Sugar Leaf Treats, LLC bakery business as a general manager of that business.

9. Lori Ann Jansen is a citizen of Missouri. During the time relevant herein, Ms. Jansen did business under the trade names "Sugar Leaf Treats" and "Sugar Leaf Treats 2." When Sugar Leaf Treats, LLC was organized on December 21, 2016, upon information and belief Ms. Jansen became a member of that limited liability company and continued the work she formerly performed under the trade names "Sugar Leaf Treats" and/or "Sugar Leaf Treats 2." At all times relevant following December 21, 2016, Ms. Jansen actively

worked in the Sugar Leaf Treats, LLC bakery business as a general manager of that business.

10. Plaintiff Kelby Edmondson is a resident of the State of Missouri and was employed by Sugar Leaf from January, 2014 through September, 2015 and then again from April, 2016 through March, 2017.

**GENERAL ALLEGATIONS**

11. Sugar Leaf is, and was at all times relevant herein, in the business of, among other things, making and selling foodstuffs both at its retail location, for catering outside events, for shipment nationwide through its internet sales website.

12. Plaintiff was employed by Sugar Leaf in its bakery. The principal job duty of Plaintiff was to bake and deliver food.

13. Plaintiff, and the other bakery employees, were paid on an hourly basis.

14. Sugar Leaf recorded the hours worked by Plaintiff and the other bakery employees but did not pay an overtime premium when those employees worked more than 40 hours in a workweek.

15. Plaintiff and the other bakery employees regularly worked more than forty hours per week for Sugar Leaf.

16. Upon information and belief, all technicians employed by Sugar Leaf in its Branson, Missouri facility are, and were at all times relevant herein, subjected to the same policies and practices as described above.

17. Sugar Leaf is engaged in interstate commerce and, upon information and belief, Sugar Leaf grosses more than Five Hundred Thousand Dollars in revenue per year.

18. The net effect of Sugar Leaf's policies and practices, instituted and approved by company managers, is that Sugar Leaf willfully fails to pay correctly calculated overtime compensation to its technicians and willfully fails to keep accurate time records in order to save payroll costs. Sugar Leaf enjoys ill-gained profits at the expense of their employees.

19. Sugar Leaf failed to post employees' notice of the overtime requirements of the FLSA and MMWL as required by 29 U.S.C. § 218b and/or Mo. Rev. Stat. § 290.522.

20. Further, Sugar Leaf's managers told Plaintiff, and other employees, that Sugar Leaf was not required to pay overtime and that the employees were not covered by the FLSA and/or the MMWL.

21. Sugar Leaf's managers, including Defendants Todd Jansen and Lori Jansen, knew or, through the exercise of reasonable care, should have known that its statements regarding its employees' FLSA and MMWL coverage were incorrect. Upon information and belief, Sugar Leaf's manager's made these incorrect statements in an effort to prevent employees from questioning Sugar Leaf's pay practices and/or to prevent employees from pursuing their rights under the FSLA and/or MMWL. Such actions were sufficient to toll the applicable statutes of limitations under the doctrine of equitable tolling and/or under Mo. Rev. Stat. § 516.280.

22. During all times relevant hereto, Defendants Todd Jansen and Lori Jansen worked in the Sugar Leaf bakery as supervisory employees that managed the day-to-day work of Sugar Leaf's employees, established Sugar Leaf's payroll policies and practices, and implemented those same policies and practices. In doing so, Defendants Todd Jansen and Lori Jansen acted directly in the interest of Plaintiff's employer and the employer of those similarly situated to Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following subclasses:

> Persons who (1) filed a consent to join this lawsuit; (2) are currently working or previously worked for Sugar Leaf as an hourly employee for any period of time within three years of the date of consenting to join the suit (plus any time allowed by the court for tolling of the statute of limitations); and (3) worked more than 40 hours in a week.

24. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

25. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Sugar Leaf's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, and failing to properly pay overtime compensation. The number and identity of other Plaintiffs yet to opt-in and consent to be party plaintiff may be determined from the records of Sugar Leaf, and potential class members may easily and quickly be notified of the pendency of this action.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23 on their own behalf and as the Class Representatives on behalf of the following:

> Persons who (1) are currently working or previously worked for Sugar Leaf as an hourly employee for any period of time within two years of the date of consenting to join the suit (plus any time allowed by the court for tolling of the statute of limitations); and (2) worked more than 40 hours in a week.

27. Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

28. This class is believed to number approximately 50 persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

29. There are questions of fact and law common to the class that, under Missouri state law, predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Sugar Leaf's actions include, without limitation, the following:

   a. Whether Sugar Leaf violated Missouri law when it failed to pay overtime premium pay;

   b. Whether Sugar Leaf had a policy and practice of failing to compensate technicians for all hours worked;

   c. Whether Sugar Leaf failed to pay technicians an overtime premium for work performed beyond 40 hours in a workweek.

   d. Whether Sugar Leaf committed improper acts to prevent the commencement of an action to recover unpaid overtime by class member such that would toll the otherwise applicable statutes of limitations.

30. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

31. Plaintiff's claims under Missouri state law are typical of those of the class in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar practices as Plaintiff.

32. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Sugar Leaf has acted or refused to act on grounds

generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Sugar Leaf, and/or substantially impair or impede the ability of class members to protect their interests.

33. Plaintiff is an adequate representative of the Missouri class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and his undersigned counsel. Counsel are experienced in the litigation of civil matters, including the prosecution of complex wage and hour, employment, and class action cases.

34. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Sugar Leaf by Plaintiff Individually and
on Behalf of All Others Similarly Situated)**

35. Plaintiff re-alleges the allegations set forth above.

36. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

37. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

38. Sugar Leaf is, and at all time relevant has been, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

39. Sugar Leaf violated the FLSA by failing to pay overtime.

40. Plaintiff and all similarly situated employees are victims of a common compensation policy.

41. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Sugar Leaf acted willfully and knew or showed reckless disregard in its violation of the requirements of the FLSA.

42. Sugar Leaf has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA. As a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Sugar Leaf acted in good faith in failing to pay its employees overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

43. As a result of these violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Sugar Leaf from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Sugar Leaf is liable for the unpaid overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II

## Violation of the Missouri Minimum Wage Law

**(Brought Against Sugar Leaf by Plaintiff Individually and in their Capacity as the Class Representatives on Behalf of All Others Similarly Situated)**

44. Plaintiff re-alleges the allegations set forth above.

45. Sugar Leaf violated Missouri law, in relevant part, by failing to pay overtime premium pay to Plaintiff and similarly situated employees as required by Mo. Rev. Stat. § 290.502 and § 290.505.

46. Further, Plaintiff and similarly situated employees are entitled to recover liquidated damages in an amount equal to their compensatory damages, attorneys' fees, and costs, pursuant to Mo. Rev. Stat. § 290.527.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Sugar Leaf and pray this Court:

a. Conditionally certify the federal law claim set forth in Count I above as a collective action pursuant to 19 U.S.C. § 216(b) and issue court-approved notice to all class-members;

b. Certify the state law claim set forth in Count II above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Declare Sugar Leaf's policy of not paying Plaintiff and other similarly situated employees overtime illegal under the FLSA and the MMWL;

d. Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527;

e. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

f. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA and under Mo. Rev. Stat. § 290.527; and

g. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

**LEAR WERTS LLP**


 /s/ Todd C. Werts
Bradford B. Lear, Mo. Bar No. 53288
Todd C. Werts, Mo. Bar No. 53204
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone: 573-875-1991
Facsimile: 573-875-1985
Email: lear@learwerts.com
Email: werts@learwerts.com


**CURRAN LAW FIRM, L.L.C.**


 /s/ Robert D. Curran
Robert D. Curran, Mo. Bar No. 53440
3516 S. National Avenue
Springfield, MO 65807
Telephone: 417-823-7500
Facsimile: 417-823-7510
Email: rob@curranlawfirm.com