IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KELBY EDMONDSON, individually,** | ) | |
| **and on behalf of a Class of other** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Federal Court No. 6:18-cv-03272-MDH |
| **SUGAR LEAF TREATS, LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUGGESTIONS IN SUPPORT OF
## JOINT MOTION TO APPROVE FLSA SETTLEMENT

The Parties, Plaintiff Kelby Edmondson ("Plaintiff") and Sugar Leaf Treats, LLC ("Sugar Leaf"), Todd Jansen, individually and d/b/a "Sugar Leaf Treats" and "sugar Leaf Treats 2" ("Todd Jansen") and Lori Jansen, individually and d/b/a "Sugar Leaf Treats" and "Sugar Leaf Treats 2" ("Lori Jansen") (collectively, the "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), have entered into a settlement agreement (attached as Exhibit 1) in which the Parties have agreed to settle Edmondson's claim that he was not properly paid overtime in accordance with the Fair Labor Standards Act ("FLSA").

When an employee files suit against his employer to recover unpaid overtime wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *See id.* at 1354. The Court may enter a stipulated judgment only

1

after reviewing the settlement for fairness. *See Baker v. D.A.R.A. II, Inc.,* No. CV–06–2887–PHX–LOA, 2008 WL 4368913, at *2 (D. Ariz. Sept.24, 2008). The FLSA also requires that a settlement agreement include an award of reasonable attorney's fees. *See Lee v. The Timberland Co.,* No. C 07–2367–JF, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008).

**1. There is Bona Fide Dispute.**

Defendant disputes that Plaintiff is owed any amount for unpaid overtime because Defendant was not subject to the overtime requirements of the FLSA. Further, Defendant contends that any amount allegedly owed was already repaid. Plaintiff contends that he is entitled to liquidated damages irrespective of Defendant's prior payment, any alleged bad faith or lack thereof. In short, the parties dispute whether there is liability – and, if so, the amount of damages that Plaintiff could recover – and have entered into a settlement agreement as a compromise to avoid the time, trouble, expense, and uncertainty of continued litigation.

**2. The Settlement is Fair and Equitable to All Parties Concerned.**

The parties believe that the settlement of Plaintiff's FLSA claim is fair and equitable based on Plaintiff's total claimed damages. The parties have agreed to settle Plaintiff's FLSA claim for a total of $3,711.00. This includes an amount for Plaintiff's alleged but disputed unpaid overtime, liquidated damages, costs and reasonable attorney fees. The settlement amount represents a compromise amount of what Plaintiff could stand to recover should he proceed to trial, prevail and be compensated as a class representative. By agreeing to settle the case, Defendants avoid the risk of an adverse judgment and, at the same time, avoid incurring additional expense associated with defending against Plaintiff's claims.

### 3. The Settlement Agreement Provides for Payment of Plaintiff's Reasonable Attorneys' Fees.

The settlement of this matter includes Plaintiff's reasonable attorney fees in the amount of $2,000.00. Plaintiff's counsel has spent in excess of 20 hours on this matter and typically bills at a rate of $475.00 per hour for work of this type in this district. As such, the proposed attorney fee in this settlement represents a significant compromise agreed-to in light of the pre-Answer resolution of this matter on an individual basis and the recovery secured for Plaintiff.

Finally, Plaintiff's counsel also incurred $507.00 in out-of-pocket costs and expenses attributable to Plaintiff's FLSA claim, which are included in the settlement of this matter. These expenses are the filing fee and costs to the Taney County Sheriff's office to arrange service of process.

### 4. Settlement of this case on individual basis is fair to all parties.

This case was originally pled as a putative collective class action. After Defendants waived formal service of process, counsel for the parties engaged in a voluntary exchange of information. During this process, Plaintiff and his counsel learned that the Defendants had already taken steps to voluntarily remedy any potential wage and hour violation they may have committed as to any putative class members. Accordingly, continued litigation of the potential class claims would not be an efficient usage of the parties' or the Court's resources. No putative class members were ever notified of this case and no one will be prejudiced by its resolution on an individual basis. Further, neither Plaintiff nor his counsel will realize any sort of windfall from the settlement proposed herein.

For these reasons, the Parties respectfully request that the parties' Joint Motion to Approve FLSA Settlement be GRANTED.

Respectfully Submitted By:

 /s/ Marc N. Middleton
Marc N. Middleton
CORNERSTONE LAW FIRM
8350 North St. Clair Avenue – Suite 225
Kansas City, Missouri 64151
Telephone:  (816) 581-4040
Facsimile:   (816) 741-8889
Email: m.middleton@cornerstonefirm.com

ATTORNEY FOR  DEFENDANT

 /s/ Todd C. Werts
Todd C. Werts
Bradford B. Lear
LEAR WERTS, LLP
2003 W. Broadway, Ste. 107
Columbia, MO 65203
Telephone: (573) 875-1991
Email: lear@learwerts.com
Email: werts@learwerts.com

and

Robert D. Curran
CURRAN LAW FIRM, LLC
3516 S. National Ave.
Springfield,  MO 65807
Telephone: (417) 823-7500
Email: rob@curranlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed with the Court's CM/ECF system on this 14th day of February, 2019. That system will serve copies on all those requesting notice.

/s/ Todd C. Werts

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **KELBY EDMONDSON, individually,** ) <br> **and on behalf of a Class of other** ) <br> **similarly situated,** ) <br> ) <br>      **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **SUGAR LEAF TREATS, LLC, et al.** ) <br> ) <br>      **Defendants.** ) | **Federal Court No. 6:18-cv-03272-MDH** |

## ORDER

Now on this ____ day of _____, 2019, being fulling advised in the premises and for good cause shown, the Parties' Joint Motion for Settlement Approval is hereby **SUSTAINED**. The parties are ordered to carry-out the terms of the settlement forthwith and this action is **DISMISSED WITH PREJUDICE.**

  **IT IS SO ORDERED.**

_____        _____
Date                     Hon. M. Douglas Harpool
                         United States District Judge